**MINUTE ENTRY**
**AFRICK, J.**
**November 20, 2026**
**JS-00:20**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **QCX LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-2482**<br>**c/w 26-2612**<br>**c/w 26-2614**<br>**REF: ALL CASES** |
| **LIZ MURRILL, ET AL.** | **SECTION I** |

**ORDER**

A status conference was held on this date with counsel participating on behalf of QCX LLC, the United States of America, the Commodity Futures Trading Commission, the State of Louisiana, Kalshi Inc., Kalshi Klear Inc., Kalshi Klear LLC, Kalshiex LLC, Kalshi Trading LLC, Robinhood Markets, Inc., Robinhood Derivatives, LLC, Rothera Exchange and Clearing LLC, Foris Holdings US, Inc., Foris Dax, Inc., North American Derivatives Exchange, Inc., Foris Dax FCM, LLC, Coinbase Global, Inc., Coinbase Financial Markets, Inc., Ludlow Exchange, LLC, Underdog Sports Holdings, Inc., Underdog Exchange DCM, Inc., and UDM, LLC (collectively, the "parties").

The Court discussed case management and briefing practices with the parties. The Court explained that its goal is to decide this matter in a timely and organized fashion, and as such, all communications with the Court will be directed through liaison counsel.

The State of Louisiana and any state entities or individuals may appoint two counsel of record to serve as liaison counsel. The State of Louisiana shall inform the Court of who it intends to appoint as liaison counsel by **Tuesday, November 24, 2026**.

The Court appoints Michael A. Balascio, local counsel of record for Kalshi Inc., Kalshi Klear Inc., Kalshi Klear LLC, Kalshiex LLC, and Kalshi Trading LLC, to serve as liaison counsel for the parties adverse to the State of Louisiana. If the parties have any objections to Michael A. Balascio serving as liaison counsel, they must inform the Court by **Tuesday, November 24, 2026**. The parties adverse to the State of Louisiana may also appoint a second liaison counsel, who may be local counsel or admitted *pro hac vice*. The parties adverse to the State of Louisiana shall inform the Court whether they intend to appoint a second liaison counsel, and if so, provide the name of that counsel, by **Tuesday, November 24, 2026**.

Additionally, the Court explained that the most orderly way to move forward is with consolidated and streamlined briefing. As such, the Court shall order new briefing on motions for preliminary injunction in compliance with the standards enunciated later in this order. All motions for expedited consideration and/or an expedited hearing related to pending motions shall be denied. Accordingly,

**IT IS ORDERED** that all motions[1] pertaining to the temporary restraining order entered in the 21st Judicial District Court, Parish of Tangipahoa, are **DISMISSED**.

[1] R. Doc. Nos. 39, 41, 43, 45, 91, 100.

**IT IS FURTHER ORDERED** that all requests for oral argument[2] related to any motions to vacate the temporary restraining order are **DENIED**.

**IT IS FURTHER ORDERED** that the State of Louisiana inform the Court whether it intends to proceed with its motion[3] to remand Case No. 26-2614 by **Tuesday, November 24, 2026.** If the State of Louisiana does not withdraw its motion to remand, the Court shall release a briefing schedule for all the parties regarding the pending motion to remand. If the State of Louisiana proceeds with its motion to remand, the Court shall consider additional motions to intervene into the two non-removed cases filed by parties in the removed case.

**IT IS FURTHER ORDERED** that all motions[4] relating to expediting remand proceedings are **DENIED**.

**IT IS FURTHER ORDERED** that all existing motions[5] for a temporary restraining order are **DENIED**, and all existing motions[6] for a preliminary injunction are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall brief new motions for preliminary injunction. Parties moving for a preliminary injunction may jointly file one motion and one reply, and parties opposing a preliminary injunction may jointly file one opposition. Motions for preliminary injunction and oppositions have a page limitation of thirty-five pages. Replies have a page limitation of five pages. All page

[2] R. Doc. Nos. 40, 42, 101.
[3] R. Doc. No. 46.
[4] R. Doc. Nos. 25, 44, 46 (only denied as to request for expedited consideration).
[5] R. Doc. Nos. 27, 36, 38, 73.
[6] R. Doc. Nos. 24, 27, 36, 38, 73.

limitations exclude cover pages, tables of contents, tables of authorities, and attachments. Parties may request from the Court two to three additional pages of briefing through liaison counsel, but only if the additional pages are necessary to make an argument *peculiar to that party*. All briefing must be written in twelve-point font, double-spaced. Footnotes may be single-spaced. Parties are to strictly comply with all Bluebook rules. The Court shall confer with liaison counsel to set a briefing schedule and a hearing date, both of which are targeted for January or February 2027.

**IT IS FURTHER ORDERED** that all motions[7] to intervene are **GRANTED**.

**IT IS FURTHER ORDERED** that the parties cease filing letters in the record to the Court and each other, except through liaison counsel. All other communications to the Court on the record must be filed in a properly-formatted motion in compliance with Federal Rule of Civil Procedure 7(b) and the Local Rules, within the parameters detailed in this order. Any further communications with the Court must come through liaison counsel.

**IT IS FURTHER ORDERED** that all motions for admission *pro hac vice* granted by the Court shall apply to each of the consolidated cases in which that attorney's client is a party.

New Orleans, Louisiana, November 20, 2026.



**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. Nos. 33–35, 37, 71–72.